

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIMAS FIGUEROA, Individually and on Behalf of all other Employees Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>EZE CASTLE INTEGRATION, INC., JOHN CAHALY, SEAN MCLAUGHLIN and JOHN DOES #1-10, Jointly and Severally<br><br>Defendants. | RECEIVED<br>MAR 01 2010<br><br>CLASS & COLLECTIVE ACTION COMPLAINTS |

Plaintiff Dimas Figueroa, on his own behalf and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Dimas Figueroa ("Figueroa" or "Plaintiff") alleges, on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from defendants EZE Castle Integration, Inc. ("EZE Castle" or the "Corporate Defendant," John Cahaly ("Cahaly"), Sean McLaughlin ("McLaughlin") and John Does #1-10 (collectively with EZE Castle, Cahaly and McLaughlin, the "Defendants") for worked performed for which they received no compensation at all; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) liquidated damages, declaratory relief, costs, interest and attorneys fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.* Plaintiff brings this claim individually and on behalf of other

1

similarly situated employees under the collective action provisions of the FLSA 29 U.S.C. §216(b).

2. Plaintiff further complains on behalf of himself and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to (i) wages from Defendants for work performed for which they received no compensation at all; (ii) overtime compensation for work performed for which they did not receive overtime premium pay; (iii) reimbursement of wage deductions and payment of unreimbursed expenses; and (iv) liquidated damages, costs, interest and attorneys fees pursuant to the New York Labor Law §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over Plaintiff and the Class and Collective Action Members' (collectively, the "Plaintiffs") claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

4. This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5. The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

6. At least one member of the proposed class is a citizen of a state different from that

2

of at least one Defendant.

7. Plaintiffs' claims involve matters of national or interstate interest.

8. Citizenship of the members of the proposed class is dispersed among at least three states: New York, Massachusetts and Connecticut.

9. Greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are not citizens of New York.

10. At least one Defendant resides in New York.

11. At least one Defendant is subject to personal jurisdiction in New York.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

13. Defendants reside in this District.

14. Plaintiff labored for Defendants within this District.

15. The cause of action set forth in this Complaint arose in this District, amongst other Districts.

## THE PARTIES

16. Plaintiff was, at all relevant times, an adult individual residing in Carmel, New York.

17. Defendant EZE Castle is a Delaware corporation, incorporated on January 15, 1999, with its principal executive office located at 1 Federal Street, 9th Floor, Boston, Massachusetts, 02110. Defendant EZE Castle is authorized to perform business within the State of New York and maintains offices located within this district at 529 Fifth Avenue, 7th Floor, New York, New York.

18. With offices in New York, Boston, Chicago, London, Los Angeles, Minneapolis, San Francisco and Stamford, EZE Castle provides information technology support services to

approximately 550 hedge funds and investment management firms throughout the country.

19. Upon information and belief, Defendants Cahaly and Sean McLaughlin are officers, directors and/or managing agents of the Corporate Defendant, whose addresses are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2, and the regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

20. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2, and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

## COLLECTIVE ACTION ALLEGATIONS

21. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since February 26, 2007 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times their regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

22. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least two hundred fifty (250) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

23. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

24. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

25. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether the Defendants employed the Collective Action members within the meaning of the FLSA;

    b. whether Plaintiff and the Collective Action members were improperly

   classified as exempt employees under the FLSA;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g. whether Defendants should be enjoined from such violations of the FLSA in the future.

26. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

27. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

28. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since February 26, 2004 to the entry of judgment in

this case (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid wages and overtime wages in violation of the New York Labor Law (the "Class").

29. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of sixty (60) members of the Class during the Class Period.

30. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

31. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

32. Plaintiff has committed himself to pursuing this action and he has retained competent counsel experienced in employment law and class action litigation.

33. Plaintiff will fairly and adequately represent and protect the interests of the NY Class members. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as he would represent and consider his own interests, and that he may not favor his own

interests over those of the Class or Collective Action Members. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

34. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

35. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

   b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Defendants failed and/or refused to pay the members of the Class wages for all hours worked including premium pay for hours worked in excess of forty hours per workweek;

   e. whether the Defendants failed to reimburse Plaintiff and members of the Class for all business expenses;

   f. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

g. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

36. At all relevant times, Defendants have operated an information technology support business employing approximately two hundred fifty employees at any one time who provide computer and other technical support to financial services companies located throughout the country.

37. Plaintiffs have been required by Defendants to work at least fifty (50) hours per week, and typically much more, yet Defendants failed to pay any wages or overtime pay to Plaintiff or the Class and Collective Action Members, as required by the Fair Labor Standards Act and the New York Labor Law, for hours worked in excess of forty each week throughout all relevant time periods.

38. Plaintiff and the Class and Collective Action Members were improperly classified as "exempt" employees under the FLSA and were not paid any compensation for hours worked in excess of forty hours per week.

39. Plaintiff was employed in a position where he provided helpdesk, desktop support and field support to EZE Castle's clients from on or about May 2006 through August 2007 (the "time period").

40. Plaintiff and the Class and Collective Action Members performed the job duties of non-exempt employees and are entitled to overtime wages pursuant to the FLSA. Plaintiffs performed job duties that essentially tracked those of an Information Technology Support Specialist, as set forth by the United States Department of Labor, as Plaintiffs were responsible for the diagnosis and repair of computer-related problems as requested by EZE Castle's clients

9

and employees. Plaintiffs conducted problem analysis and would troubleshoot issues in an effort to resolve computer problems in person or remotely. Plaintiffs set up email and Blackberry accounts, physically set up computer workstations, troubleshot computer problems and errors, maintained backup equipment, archived data, installed and deployed computer programs, ran anti-virus programs and provided general computer support to Defendants' clients.

41.     Plaintiff typically began each workday by checking his Blackberry PDA to see if any urgent requests had been transmitted and was frequently required to perform off-the-clock work remotely through his handheld PDA device. Plaintiff reviewed and responded to work tickets from home in order to better serve Defendants and their clients and frequently reviewed and responded to Defendants from home before being dispatched directly to a client location. Whether reporting to the office or a client location, Plaintiff was required to work no less than ten hours a day five days a week, from no later than 8:00 a.m. to no earlier than 6:00 pm., and frequently many more hours each week.

42.     Plaintiff and the Class and Collective Action Members were frequently instructed to eat lunch at their desks and did not typically receive a 30 minute uninterrupted lunch break, or morning and afternoon breaks.

43.     Plaintiff and the Class/Collective Action Members kept track of the time that they worked through Defendants' Tracker billing software, and they were encouraged to work as many hours as possible, yet were not paid overtime for hours worked over forty each week. While the Tracker billing software will provide a record of certain hours worked, the hours reported will under-report the hours actually worked because Plaintiff and the Class and Collective Action Members performed work for Defendants that was not always entered into the Tracker billing software.

44. While the Company recognized "Comp. Days" under certain circumstances, the Company did not pay Plaintiffs any compensation, let alone time-and-one-half their regular rate of pay, for hours worked in excess of forty hours per week (overtime pay), for these Comp. Days and employees were frequently not allowed to utilize their accrued Comp. Days.

45. Plaintiff was required to work for Defendants well in excess of forty (40) hours per week yet Defendants failed to pay Plaintiff overtime compensation for hours worked in excess of forty hours per week.

46. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

47. Plaintiff's primary job duties did not consist of the application of systems analysis techniques and procedures to determine hardware, software or system functional specifications.

48. Plaintiff's primary job duties did not consist of the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

49. Plaintiff's primary job duties did not consist of the design, documentation, testing, creation, or modification of computer programs related to machine operating systems, or a combination of the duties set forth in Paragraphs 47 through 49.

50. The work performed by Plaintiff required no personal capital investment.

51. Plaintiff did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

52. Plaintiff frequently was required to work in excess of 40 hours a week yet the Defendants willfully failed to pay Plaintiff compensation for hours worked in excess of forty

11

hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

53. In addition to the Plaintiff, during the time period Defendants usually employed at least two hundred fifty (250) other employees simultaneously, at least forty (40) of whom worked within the State of New York.

54. Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in similar computer-related positions whose primary job duties did not include: (i) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications; (ii) the design, development, documentation, analysis, creation testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; (iii) the design, documentation, testing, generation or modification of computer programs related to machine operating systems; or (iv) a combination of the aforementioned duties, the performance of which required the same level of skills.

55. Such individuals have worked in excess of 40 hours a week yet the Defendants have likewise willfully failed to pay them for all hours worked as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

56. As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

57. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiffs and the Class and Collective Action Members, the Defendants routinely required Plaintiffs to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

58. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

61. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

62. Plaintiff has provided written consent to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

63. At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

64. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the

Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65.   As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

66.   Plaintiff complained to his human resources manager regarding Defendants' failure to pay overtime and he was simply told that he should stay clear from this issue because his pursuit of overtime would only hurt his continued employment with the Company. Numerous employees complained about the unpaid wages and overtime but Defendants failed to act to correct its overtime pay practices.

67.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

68.   Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled to recover from Defendants their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

69.   Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70.   At all relevant times, Plaintiff and the members of the Class were employed by

the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71.   Defendants willfully violated Plaintiff's rights and the rights of the members of the Class by failing to pay them compensation for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, and by failing to reimburse Plaintiff and the Class for business expenses, in violation of the New York Labor Law and its regulations.

72.   The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

73.   Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al. Plaintiff seek liquidated damages, pursuant to New York Labor Law § 663(1), only in the alternative if the Plaintiffs' Class is not certified.

### THIRD CLAIM FOR RELIEF
### NEW YORK LABOR LAW

74.   Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75.   Defendants required Plaintiff and the Class to pay Defendants' business expenses from their wages in violation of New York Labor Law §198-b, and made unlawful charge backs and deductions in violation of New York Labor Law §193.

76.   Defendants' failure to comply with New York Labor Law's prohibition on kick backs and deductions caused Plaintiff and the Class to suffer loss of wages and interest thereon.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Class and Collective Action Members, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendants and EZE Castle's officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of wages for all hours worked and overtime compensation at time and one-half the normal hourly rate for all hours worked pursuant to the FLSA and the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of the Defendants'

      willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

h.    An award of damages arising out of the non-payment of wages;

i.    An award of prejudgment and post-judgment interest;

j.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       February 26, 2010

                              PELTON & ASSOCIATES PC

                              By: _____
                                  Brent E. Pelton (BP 1055)

                              Attorney for Plaintiff, Individually, and
                              on Behalf of All Other Persons Similarly Situated
                              111 Broadway, Suite 901
                              New York, New York 10006
                              Telephone: (212) 385-9700
                              Facsimile: (212) 385-0800

February 19, 2010
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Eze Castle Integration and/or its owners and affiliates to pay me wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____    2/20/10          Dimas Figueroa
Signature                  Date             Printed Name