UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIMAS FIGUEROA and PAUL COHEN　　　　　:
on behalf of themselves and all others　　　　　　:
similarly situated,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　Plaintiffs,　　　　:
　　　　　　　　　　　　　　　　　　　　　　　 :　　10 Civ. 1607 (RMB)
　　　　　　　　-against-　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　　　　　　　　 :　　**ORDER**
EZE CASTLE INTEGRATION, INC., and　　　　　　:
JOHN CAHALY, et al.,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　Defendants.　　　:
------------------------------------------------------------X

**I.　　Background**

At the conclusion of a fairness hearing held on March 15, 2011, the Court granted final approval of the settlement in the above-captioned class action, ordered distribution of the $600,000 settlement fund ("Settlement Fund") to class members, denied service awards of $12,000 to lead plaintiffs, and granted "an initial award of attorneys' fees in the amount of $66,000, expenses in the amount of $4,137," and claims administrator fees in the amount of $7,250, all to be paid from the Settlement Fund. (See Tr., dated Mar. 15, 2011 ("Tr."), at 4–7.) The Court directed, following its preliminary review of the factors enumerated in Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 47 (2d Cir. 2000); (see Tr. at 8:10–9:14), that "[a] further award of attorneys' fees (which together with the $66,000 initial award will be less than the 30% of the Settlement Fund requested by class counsel) [and claims administrator fees] will be made upon application to the Court at such time as 75% of the Settlement Fund has been distributed to the Class." (Order Granting Final Approval of Class Action Settlement, dated Mar. 15, 2011 ("Mar. 15 Order"), ¶¶ 9, 13.)

By letter, dated June 24, 2011, class counsel, Brent Pelton, Esq., informed the Court that "[a]s of June 23, 2011, two hundred sixty-nine settlement checks, totaling $367,282.56, or 88.10% of the class funds, have been cashed." Mr. Pelton requests that the Court grant "further attorneys' fees of $72,000 [which would] place total attorneys' fees at $138,000 or twenty-three percent of the total $600,000 Settlement Fund." Class counsel also requests that $169.71 in accrued interest be "available to the [claims] administrator to run any additional searches that may assist in locating the two class members whose checks have been returned as undeliverable." (Pl. Ltr., dated June 24, 2011 ("Pl. Ltr."), at 1.)

**For the reasons stated below, the Court awards $72,000 in additional attorneys' fees, $7,250 in additional claims administrator fees, and directs that interest earned on the Settlement Fund be made available to the claims administrator to assist in locating class members. Any additional expenses which may be incurred in finalizing the settlement shall be borne by class counsel.**

II.     Legal Standard

Attorneys who create a settlement fund are entitled to "a reasonable fee—set by the court—to be taken from the fund." Goldberger, 209 F.3d at 47. When determining a proper fee to be taken from a common fund, a district court must take into account (1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. Id. at 50; see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir. 2005).

The Second Circuit prefers the "percentage method" to calculate fees "because it reduces the incentive for counsel to draw the case out to increase the number of hours billed." Hicks v.

Morgan Stanley & Co., No. 01 Civ. 10071, 2005 U.S. Dist. LEXIS 24890, at *22–23 (S.D.N.Y. Oct. 24, 2005).  "[F]ees awarded in common fund cases may not exceed what is 'reasonable' under the circumstances.  What constitutes a reasonable fee is properly committed to the sound discretion of the district court."  Goldberger, 209 F.3d at 47.  The "lodestar," i.e., hours worked by counsel multiplied by a reasonable hourly rate, "serves as a cross-check on the reasonableness of the requested percentage."  Silberblatt v. Morgan Stanley, 524 F. Supp. 2d 425, 433–34 (S.D.N.Y. 2007).

**III.     Analysis**

For the reasons stated at the March 15, 2011 fairness hearing and supplemented below, the Court finds that 23% of the Settlement Fund is a fair and reasonable counsel fee.  Accordingly, the Court grants an additional award of $72,000 in legal fees to class counsel, for a total of $138,000 (or 23%).  See Hicks, 2005 U.S. Dist. LEXIS 24890 at *22–23; Silberblatt, 524 F. Supp. at 433–34.  This result serves the dual purpose of encouraging counsel to bring appropriate cases and avoiding excessive fee awards.  See Goldberger, 209 F.3d at 53.

The Court conducted a Goldberger analysis at the March 15, 2011 fairness hearing, and determined that a reduction from class counsel's original fee request of $180,000 (or 30% of $600,000) was appropriate, as follows:

The first Goldberger factor, "time and labor expended by counsel," warrants a reduction because "many of the hours spent in this case [were spent on] preliminaries, [discovery, and settlement, as opposed to] motion practice."  (Tr. at 8:10-20); see Bricker v. Planet Hollywood N.Y., L.P., No. 08 Civ. 443, 2009 WL 2603149, at *3 (S.D.N.Y. Aug. 13, 2009).  Additionally, the hourly rate of $200 billed by class counsel's paralegal and law student clerk is somewhat higher than rates typically billed in this district.  See, e.g., LV v. N.Y.C. Dep't. of Ed., 700 F.

3

Supp. 2d 510, 523 (S.D.N.Y. 2010) ($50–$100/hr. for paralegal).  And, approximately 133 hours were "block billed," i.e., billed for several tasks in a single time entry.  See Spalluto v. Trump Int'l Hotel & Tower, No. 04 Civ. 7479, 2008 WL 4525372, at *8–9 (S.D.N.Y. Oct. 2, 2008).

As to the second and third Goldberger factors—"the magnitude and complexities of the litigation" and "the risk of [contingency] litigation"—"the complexity and risks faced here are certainly not greater than those faced in a typical [Fair Labor Standards Act ('FLSA')] action." (Tr. at 8:21-25); see Sines v. Service Corp. Int'l., No. 03 Civ. 5465, 2006 WL 1148725, at *3 (S.D.N.Y. May 1, 2006).

As to the fourth Goldberger factor, "quality of representation," the Court "observed that Mr. Pelton has some nine years of experience doing these kinds of matters and is qualified and has conducted himself quite professionally in [the Court's] interaction with him."  (Tr. at 9:1-5); see Levinson v. About.com Inc., No. 02 Civ. 2222, 4159490, at *3 (S.D.N.Y. Oct. 7, 2010).

As to the fifth Goldberger factor, the "requested fee in relation to the settlement," a 23% fee is reasonable in relation to the $600,000 Settlement Fund.  (See Tr. at 9:6-11); Hnot v. Willis Grp. Holdings Ltd., No. 01 Civ. 6558, 2008 WL 1166309, at *6 (S.D.N.Y. Apr. 7, 2008); Luciano v. Olsten Corp., 109 F.3d 111, 117 (2d Cir. 1997); Goldberger, 209 F.3d at 50.

As to the sixth Goldberger factor, "public policy considerations," a fee award of 23% both encourages class counsel to pursue FLSA litigations and helps ensure against excessive fees.  See Goldberger, 209 F.3d at 53.

A lodestar cross check of class counsel's hourly submissions confirms that a $72,000 award (resulting in a total award of 23% of the Settlement Fund) is reasonable.  See LV, 700 F. Supp. 2d at 523; Spalluto, 2008 WL 4525372 at *8–9; Castagna v. Madison Square Garden, L.P., No. 09 Civ. 10211, 2011 WL 2208614, at *10 (S.D.N.Y. June 7, 2011).

4

## IV. Conclusion and Order

For the reasons stated above, class counsel is hereby awarded an additional $72,000 in attorneys' fees and the claims administrator is awarded an additional $7,250 in fees. Interest earned on the Settlement Fund is to be made available to the claims administrator to assist in locating class members. Any additional expenses which may be incurred in finalizing the settlement shall be borne by class counsel.

Dated: New York, New York
July 8, 2011

*Richard M. Berman*
RICHARD M. BERMAN, U.S.D.J.